IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENISE K. HAMMA, <br><br> Plaintiff, <br> v. <br><br> INTEL CORPORATION; INTEL CORPORATION LONG TERM DISABILITY BENEFIT PLAN; INTEL DISABILITY APPEALS COMMITTEE; MATRIX ABSENCE MANAGEMENT, INC., <br><br> Defendants. | 2:07-cv-01795-GEB-CMK <br><br> ORDER[*] |

Plaintiff Denise K. Hamma brings this action to recover benefits under the Intel Corporation Long Term Disability Benefit Plan ("LTD Plan") and the Employee Retirement Income Security Act of 1974 ("ERISA"). Defendants move for limited discovery seeking: "(1) identification of specific documents upon which Plaintiff relies to prove her claim and an actual conflict of interest, and (2)

---

[*] This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

1

1  information regarding Plaintiff's Social Security Disability payments
2  and other possible offsets." (Defs.' Mot. at 2:22-24.)  Plaintiff
3  opposes the motion.  Plaintiff moves for "specified discovery within
4  the confines of discovery allowed by Abatie v. Alta Health & Life Ins.
5  Co., 458 F.3d 955 (9th Cir. 2006)" and for an order "requir[ing]
6  Defendants to provide full initial disclosures pursuant to Rule 26,
7  Federal Rules of Civil Procedure."[1]  (Pl.'s Mot. at 1:5-10; 2:1-2.)
8  Defendants oppose the motion.

                              BACKGROUND

10       Plaintiff worked at Intel Corporation from June of 2000
11 through February of 2004. (Compl. ¶ 8.)  Plaintiff became disabled
12 due to illness in July of 2003. (Id. at ¶ 10.)  In March of 2004,
13 Plaintiff filed a claim for long term disability benefits under the
14 LTD Plan. (Id. at ¶ 19.)  Her claim and subsequent appeals to the
15 Intel Disability Appeals Committee were denied; Plaintiff filed this
16 action after exhausting all administrative remedies. (Id. at ¶ 26.)

17       In the parties' Joint Status Report filed on November 13,
18 2007, they disagreed as to whether initial disclosures were required
19 under Rule 26(a)(1).  The parties agreed, however, "that the Court's
20 review, and the corresponding scope of discovery, is limited to the
21 administrative record - i.e., the information and knowledge of the
22 individuals who made the decisions to deny Plaintiff benefits at the
23 time those decisions were made, the facts known to the decision-
24 makers.  Evidence outside the administrative record may be considered
25 'to decide the nature, extent, and effect on the decision-making
26 process of any conflict of interest' . . . ." (Joint Status Report at

---

[1] All subsequent references to Rules are to the Federal Rules of Civil Procedure unless otherwise noted.

2

3:26-28, 4:1-4 (citing Abatie, 458 F.3d at 970).)  A Status (Pretrial Scheduling) Order issued November 21, 2007 prescribing: "A party desiring discovery [in this action] must file a motion that seeks specified discovery, and the factual and legal basis justifying the request . . . ."  (Order, Nov. 21, 2007 at 2:8-10.)

## ANALYSIS

I. Defendants' Motion

A. Documents upon which Plaintiff relies

Defendants seek "identification of specific documents upon which Plaintiff relies to prove her claim and an actual conflict of interest . . . ."  (Defs.' Mot. at 2.)  Plaintiff argues Defendants already possess such evidence, it would be burdensome for Plaintiff to identify each piece of objective medical evidence, and such information constitutes attorney work product.  (Pl.'s Opp'n at 3:9-12, 5:2-9.)  Defendant rejoins they do not seek documents or other communications between Plaintiff and her attorney; they only seek identification of documents that support Plaintiff's claim.  (Defs.' Reply at 2:12-13.)

Defendants have not shown a need for the documents they seek.  Plaintiff has already identified several documents that support her claims in her Complaint, and the parties agreed to filing cross motions for summary judgment to decide this action.  (Joint Status Report at 3:4-6, 7:21-23.)  Accordingly, this portion of Defendants' motion is denied.

B. Plaintiff's Social Security Disability payments

Defendants also seek the production of "information regarding Plaintiff's Social Security Disability payments and other possible offsets."  (Defs.' Mot. at 2:23-24.)  Defendants argue the

1  LTD Plan expressly provides for a reduction of Plan benefits for a
2  variety of circumstances, including Social Security disability
3  payments.  (Defs.' Mot. at 3:14-18; Ex. 2 (LTD Plan) at 3975-76.)
4  Plaintiff argues this discovery is unnecessary and Defendants have
5  already been provided Plaintiff's Social Security Award information.
6  (Pl.'s Opp'n at 8:9-24.)

7  Defendants have not shown it is entitled to such discovery.
8  Plaintiff's Complaint merely seeks the Court to "order defendants to
9  retroactively approve and reinstate Ms. Hamma to the LTD Plan and to
10 order the payment of retroactive benefits and the payment of all
11 future benefits under the terms of the LTD Plan and Policy . . . ."
12 (Compl. ¶ 26.)  Defendants have not shown that the terms of the LTD
13 Plan and policy applicable to the discovery they seek are disputed in
14 this action.  Therefore, this portion of Defendants' motion is also
15 denied.

16 II. Plaintiff's Motion

17 A.  Discovery within *Abatie*

18 Plaintiff seeks leave "to conduct discovery, as allowed
19 consistent with [the] Ninth Circuit's decision in *Abatie II* [herein
20 Abatie] and decisions within the Ninth Circuit before and since *Abatie*
21 *II*, and consistent with the parties' Joint Status Report."  (Pl.'s
22 Mot. at 9:8-13.)  Defendants oppose the motion arguing "Plaintiff's
23 motion does not seek specified discovery, as required by the Court's
24 Status (Pretrial Scheduling) Order of 11/21/07."  (Defs.' Opp'n at
25 1:23-24.)  In Abatie, the Ninth Circuit defined the scope of discovery
26 allowed in an ERISA case such as this one:

27 > The district court may, in its discretion, consider
> evidence outside the administrative record to decide
28 > the nature, extent, and effect on the decision-making
> process of any conflict of interest; the decision on

4

```
             the merits, though, must rest on the administrative
             record once the conflict (if any) has been established,
             by extrinsic evidence or otherwise.
```

Abatie, 458 F.3d at 970.  Since the parties agreed in the Joint Status Report that the limited discovery contemplated by Abatie should be allowed, this portion of Plaintiff's motion is granted.[2]

B.  Initial Disclosures

       Plaintiff seeks a Court order requiring Defendants to provide full initial disclosures pursuant to Rule 26(a)(1). Defendants argue initial disclosures are not required because an ERISA case is an action for review on an administrative record, and falls within an exception to Rule 26(a)(1).  (Joint Status Report at 3:18-19.)  Plaintiff rejoins that "ERISA appeals are not ordinary administrative appeals, and do not fall within the exclusion from initial disclosures . . . ."  (Pl.'s Mot. at 11:22-24; 12:1-3.)

       Rule 26(a)(1)(B)(I) prescribes: "an action for review on an administrative record" is exempt from the initial disclosure requirement.  However, here the parties have agreed that discovery outside the administrative record, authorized under the rationale of Abatie, is permitted.  Therefore, initial disclosures concerning such information shall be made.  See Coleman v. Hartford Life Ins. Co., 432 F. Supp. 2d 1030, 1033 (C.D. Cal. 2006) (allowing initial disclosures in an ERISA case).

C.  Whether the LTD Plan is an ERISA Plan

       Plaintiff also moves for discovery on "whether the Intel LTD Plan is an ERISA plan."  (Pl.'s Mot. at 11:3-4.)  Defendants rejoin that this "has been established by the specific allegations of

---

[2] The scope of discovery allowed by Abatie and other decisions is not determined herein.

5

Plaintiff's Complaint . . . and the corresponding admissions in the Plan's Answer." (Defs.' Opp'n at 4, n1.) Plaintiff has not shown why this information is necessary in light of the pleadings. (<u>See</u> Intel Corporation/LTD Plan Answer, Docket # 12 at ¶ 5.) Therefore, this portion of Plaintiff's motion is denied.

SUMMARY

Defendants' motion for specified discovery (Docket #28) is denied. Plaintiff's motion for discovery (Docket #36) is granted in part and denied in part.

IT IS SO ORDERED.

Dated:  March 3, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge